There had formerly been entered on the docket within two terms a suggestion of the plaintiff's death, and this suggestion had remained upon the docket one or two terms, having been continued at each court. It was now moved that the suit should be revived in the name of the representative.
After argument, the suggestion, it is admitted, was within time. In many instances where the parties live abroad, the counsel may not be informed of the executor or administrator. It would therefore seem most proper to permit revivals after the lapse of two terms, upon suggestion being made within time and upon its appearing to the Court that there actually were personal representatives within two terms.
NOTE. — It is not the suggestion of the death of a party, but the admission in proof of the fact entered of record, and lapse of two terms thereafter, that abates the suit, or subjects it to abatement on motion of the surviving party. 1 Hay. 455; 2 Hay. 65; 1 Y. 103. The limitation is not peremptory, and if the personal representative appear and ask to revive at any time before the suit is actually abated by order of the Court, the revivor will be allowed. Young v. Officer, 7 Y. 137; Holland v. Harris, 2 Sn. 68. In equity, the mode pointed out in the act prevents an abatement for two terms; after this the case stands as if no act had ever been passed, and a revivor may be had as in England. Cobb v. Conway, 1 Tenn. 294. And see Code 2845-2859. — ED.